UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re:

SABINE, INC. (*f/k/a*
ROWECOM, INC. *et al.*),

Debtor.

No. 05-10382-MLW

ON APPEAL FROM A JUDGMENT OF THE
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

BRIEF OF THE APPELLEE

Christopher J. Panos (BBO #555273)
Brendan C. Recupero (BBO #645032)
Craig and Macauley
        Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 367-9500

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................2

STATEMENT OF THE ISSUES ........................................................3

STANDARD OF REVIEW ...............................................................3

STATEMENT OF THE CASE ..........................................................5

    A.   The Bankruptcy Court's Denial of Rita Sud's Motion was not Clearly Erroneous ..........................................................................8

    B.   On *De Novo* Review, Ms. Sud's Appeal Fails...................................9

        1.   Excusable Neglect Under Fed. R. Bankr. P. 8002(c)(2) ...............................9

        2.   Ms. Sud's Reasons for Failing to Comply with Fed. R. Bankr. P. 8002(a) do not Constitute Excusable Neglect ...............................10

        3.   Ms. Sud Failed to Offer any Evidence that She Acted in Good Faith .....13

        4.   Ms. Sud's Appeal Waived Argument on Certain of the Pioneer Factors 13

CONCLUSION ..............................................................................14

## TABLE OF AUTHORITIES

**Cases**

Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) .................................... 8

Balzotti v. RAD Investments, LLC (In re Shepard's Hill Development Co.), 316 B.R. 406, 413 (B.A.P. 1st Cir. 2004) ........................................................................ 3

Belface v. Black River Petroleum (In re Hess), 209 B.R. 79, 80 (B.A.P. 6th Cir. 1997) ................................................................................................................................. 3

Eck v. Chemical Co. (In re Power Recovery Systems, Inc.), 950 F.2d 798, 801 (1st Cir. 1991)........................................................................................................................ 3

Furness v. Wright Medical Technology, Inc. (In re Mercurio), 2005 U.S. App. LEXIS 4720, *2 n.1 (1st Cir. March 23, 2005) ........................................................ 14

Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (1st Cir. 2001)............................................................................................... 10

Hartford Cas. Ins. Co. v. Food Barn Stores, Inc. (In re Food Barn Stores), 214 B.R. 197, 200 (8th Cir. B.A.P. 1997)................................................................................... 13

Marsh v. Richardson, 873 F.2d 129, 131 (6th Cir. 1989) ........................................... 12

Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 395 (1993)............................................................................................................................. 4

Sierra Fria Corp. v. Donald J. Evans, P.C., 127 F.3d 175, 181 (1st Cir. 1997)............ 4

TI Fed. Credit Union v. Delbonis, 72 F.3d 714, 719-20, n. 8 (1st Cir. 1994) ............. 3

Yarinsky v. Saratoga Springs Plastic Surgery, PC (In re Saratoga Springs Plastic Surgery, PC), 310 B.R. 493, 498 (N.D.N.Y. 2004)) .................................................... 4

**Rules**

Fed. R. Bankr. P. 8002(a)............................................................................................. 10

Fed. R. Bankr. P. 8002(c)(2) ......................................................................................... 9

Fed. R. Civ. P. 56.......................................................................................................... 7

**STATEMENT OF THE ISSUES**

1.      Did the United States Bankruptcy Court for the District of Massachusetts (Eastern Division) (the "Bankruptcy Court") commit a clear error of judgment in denying Rita Sud's Motion to Extend Time for Filing an Appeal Pursuant to Bankr. R. 8003(c)(2) [*sic*] (the "Motion") on the grounds that Rita Sud ("Ms. Sud") did not act in good faith?

2.      Did the Bankruptcy Court commit a clear error of judgment in denying the Motion on the grounds that Ms. Sud's reasons for her delay in filing a timely notice of appeal did not constitute excusable neglect?

**STANDARD OF REVIEW**

An appellate court reviewing a decision of a bankruptcy court denying a motion to extend time to file an appeal shall set aside the bankruptcy court's decision only if the bankruptcy court committed a clear error of judgment. Eck v. Chem. Co. (In re Power Recovery Sys., Inc.), 950 F.2d 798, 801 (1st Cir. 1991)(applying the "clearly erroneous" standard to review of motion to extend time to file an appeal).[1]  Addressing the very issue before this Court, the First

---

[1] In the Appellant's Brief, Ms. Sud appears to assert two standards of review applicable to this appeal. Appellant's Brief, p. 12. First, Ms. Sud asserts that denial of a motion to extend time to file an appeal are generally reviewed for abuse of discretion which would be reviewed under the clearly erroneous standard. Appellant's Brief, p. 12. Ms. Sud then asserts that "whether a party has demonstrated 'excusable neglect' for purposes of Bankruptcy Rule 8002(c)(2) is a question of law… which is subject to *de novo* review." Appellant's Brief, p. 12. As support for this assertion, Ms. Sud cites the Bankruptcy Appellate Panel for the First Circuit's (the "B.A.P.") decision in Balzotti v. RAD Inv., LLC (In re Shepard's Hill Dev. Co.), 316 B.R. 406, 413 (B.A.P. 1st Cir. 2004) (citing Belfance v. Black River Petroleum (In re Hess), 209 B.R. 79, 80 (B.A.P. 6th Cir. 1997).  A closer reading of the B.A.P.'s decision in Balzotti reveals that the proper standard for

3

Circuit aptly stated in Eck:

> The question of excusable neglect is by its very nature left to the discretion of the bankruptcy court whose decision should not be set aside unless the reviewing court, a district court or court of appeals, has a definite and firm conviction that the court below committed a clear error of judgment.

Id. at 801.

Here, the parties do not dispute the meaning of "excusable neglect." In fact, both Ms. Sud and the Liquidating Trustee argued, in their respective pleadings to Bankruptcy Court, that the United States Supreme Court decision in Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 395 (1993) controls the standard for determining "excusable neglect." Appendix ("App."), pp. 140 & 149. Rather, the issue on appeal is whether the Bankruptcy Court committed a clear error of judgment in determining that the facts asserted by Ms. Sud did not establish "excusable neglect." Eck 950 F.2d at 801; see also Sierra Fria Corp. v. Donald J. Evans, P.C., 127 F.3d 175, 181 (1st Cir.

review of the Bankruptcy Court's denial of Ms. Sud's motion to extend time to file an appeal is, however, the "clearly erroneous" standard.

    The B.A.P. in Balzotti recited that "[a]ppellate courts reviewing decisions and orders of the bankruptcy court generally apply the "clearly erroneous" standard to findings of fact and de novo review to conclusions of law." 316 B.R. at 413 (citing TI Fed. Credit Union v. Delbonis, 72 F.3d 714, 719-20, n. 8 (1st Cir. 1994). Citing a decision by the Bankruptcy Appellate Panel for the Sixth Circuit in Belfance, the B.A.P. also stated, however, that "whether a party has demonstrated "excusable neglect" for the purpose of Bankruptcy Rule 8002(c)(2) is a question of law, which is subject to de novo review." Id. at 413 (citing Belfance, 209 B.R. at 80). The Bankruptcy Appellate Panel for the Sixth Circuit's decision in Belfance does not, however, support the conclusion that the present appeal is subject to de novo review. Id. Rather, the Belfance court observed that "[t]he meaning of 'excusable neglect' is a question of law." Id. (emphasis added).

    Later in Balzotti, opinion, the B.A.P. stated that:

> Generally, the issue of excusable neglect is left to the discretion of the bankruptcy court, whose ruling should not be disturbed  unless the reviewing court has a definite and firm conviction that the court below committed a clear error of judgment.

Id. at 414-15 (quoting Yarinsky v. Saratoga Springs Plastic Surgery, PC (In re Saratoga Springs Plastic Surgery, PC), 310 B.R. 493, 498 (N.D.N.Y. 2004)).

1997)(applying deferential standard of clearly erroneous to mixed questions of law and fact where questions of fact dominate).

## STATEMENT OF THE CASE

This appeal arises from the chain of events following the United States Bankruptcy Court for the District of Massachusetts's (the "Bankruptcy Court") disallowance and expunging, on November 23, 2004, of Ms. Sud's general unsecured claim against Sabine, Inc. f/k/a RoweCom, Inc. (the "Debtor"), a debtor in a pending chapter 11 proceeding before the Bankruptcy Court.  On December 13, 2004, Ms. Sud filed an appeal of the Bankruptcy Court's order disallowing her claim with the B.A.P. App., p. 133.  Due to the untimely nature of Ms. Sud's appeal, the B.A.P. dismissed the appeal for lack of jurisdiction on December 20, 2004. App., pp. 136-38.

On December 23, 2004, Ms. Sud filed the Motion seeking to extend the deadline for filing an appeal. App., p. 139.  Christopher J. Panos (the "Liquidating Trustee"), the duly-appointed trustee of the Sabine, Inc. f/k/a RoweCom, Inc. Liquidating Trust (the "Liquidating Trust"), filed his *Opposition to Rita Sud's Motion to Extend Time for Filing an Appeal* on December 30, 2004 (the "Opposition"). App., pp. 147-55.

On January 3, 2005, the Bankruptcy Court entered an order (the "Order") denying Ms. Sud's Motion. App., p. 156.   The appeal presently before this Court

seeks review of the Bankruptcy Court's denial of Ms. Sud's Motion.  The prior

disallowance of Ms. Sud's claim is not presently before this Court nor are the

merits of Ms. Sud's disallowed claim.  As such, any reference to the merits (or

lack thereof) of Ms. Sud's disallowed claim is irrelevant for the purpose of this

appeal.  Appellant's Brief, pp. 6-10, 14; App., pp 109-23.

### STATEMENT OF THE FACTS

Christopher J. Panos is the duly-appointed Liquidating Trustee

established under the Third Amended Joint Plan of Liquidation Proposed by the

Debtors and Creditors' Committee Dated November 23, 2004 (the "Plan").  On

December 7, 2004, the Bankruptcy Court entered an order (the "Confirmation

Order") confirming the Plan. App., pp. 18-107.  On December 20, 2004, the Plan

became effective pursuant to Section 15.02 of the Plan.  Under the Plan, all Trust

Assets (as defined in the Plan) including, without limitation, all property of the

Debtor's Estate (as defined in the Plan) was vested in the Liquidating Trust.

App., p. 64.   Pursuant to section 9.05 of the Plan, the Liquidating Trustee has

standing and is authorized to "object to Claims" and "prosecute or settle such

objections and defend claims asserted in connection therewith." App., pp. 65-66.

On September 12, 2003, Ms. Sud filed a proof of claim (Claim No. 1444, the

"Claim") alleging, among other things, employment discrimination.  On April 26,

2004, the Debtor filed its third omnibus claim objection (the "Objection")

pursuant to which it objected to the Claim on the grounds that the Debtor is not

6

liable.  On October 25, 2004, the Debtor filed its Motion for Summary Judgment Pursuant to Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56 (the "Summary Judgment Motion") seeking disallowance of the Claim.  On November 23, 2004, the Bankruptcy Court granted the Debtor's Summary Judgment Motion (the "Summary Judgment Order"). App., pp. 108-132.   On December 13, 2004, Sud filed a Notice of Appeal of the Summary Judgment Order. App., p. 133.   On December 20, 2004, the United Stated Bankruptcy Appellate Panel for the First Circuit entered judgment dismissing Sud's appeal of the Order for lack of jurisdiction because the Notice of Appeal was filed late. App., pp. 136-38.

Ms. Sud filed the Motion on December 23, 2004. App., p. 139.  The Liquidating Trustee subsequently filled his Opposition on December 30, 2004. App., 147-55.  Ms. Sud's sole argument to the Bankruptcy Court was that her failure to timely file a notice of appeal was attributable to the acts and omissions of her counsel.  By way of brief overview, Ms. Sud's counsel asserted four reasons for her failure to file a notice of appeal in a timely manner: (i) Ms. Sud's counsel asserted that she was unable to obtain a written copy of the findings of fact and rulings of law which the Court dictated on the record; (ii) Ms. Sud's counsel asserted that she was unable to speak with her client prior to the expiration of the ten day deadline established by Fed. R. Bankr. P. 8002(a); (iii) Ms. Sud's counsel was distracted by another trial; and (iv) Ms. Sud's counsel was unaware of the ten day deadline established by Fed. R. Bankr. P. 8002(a).  The

7

Bankruptcy considered Ms. Sud's Motion and the facts asserted on connection therewith. Considering the facts as asserted by Ms. Sud, the Bankruptcy Court disagreed, however, that Ms. Sud had demonstrated "excusable neglect." The Order denying the Motion was entered on January 3, 2005. App., p. 156.

## ARGUMENT

A. <u>The Bankruptcy Court's Denial of Rita Sud's Motion was not Clearly Erroneous</u>

Ms. Sud does not argue that the Bankruptcy Court's denial of the Motion was clearly erroneous. Rather, Ms. Sud proceeds to argue the merits of the Motion *de novo*. Appellant's Brief, pp. 12-14. In fact, Ms Sud's argument is principally a restatement of several arguments contained in *Rita Sud's Memorandum in Support of Her Motion to Extend Time for Filing an Appeal Pursuant to Bankr. R. 8003(c)(2)* [*sic*] and the supporting *Affidavit of Martha M. Wishart* (the "Affidavit"). App., pp. 140-44.

As set forth above, the proper standard of review is, however, the clearly erroneous standard. The clearly erroneous standard does not entitle the reviewing court to reverse the finder of fact (here, the Bankruptcy Court) "simply because it is convinced that it would have decided the case differently." <u>Anderson v. City of Bessemer City</u>, 470 U.S. 564, 573 (1985) (discussing the clearly erroneous standard). Addressing the very issue before this Court, the First Circuit aptly stated in <u>Eck</u>:

The question of excusable neglect is by its very nature left to the

8

> discretion of the bankruptcy court whose decision should not be
> set aside unless the reviewing court, a district court or court of
> appeals, has a definite and firm conviction that the court below
> committed a clear error of judgment.

Eck 950 F.2d at 801.  Rather than decide the factual issues *de novo*, as Ms. Sud

requests, this Court should uphold the Bankruptcy Court's decision if the

Bankruptcy Court's holding was plausible in light of the record before the

Bankruptcy Court.  Anderson, 470 U.S. at 574.  This is an extremely high hurdle

for Ms. Sud to clear because, as the Supreme Court clarified in Anderson,

"[w]here there are two permissible views of the evidence, the fact finder's choice

between them cannot be clearly erroneous." *Id.*

  Both Ms. Sud and the Liquidating Trustee advanced arguments that

yielded two permissible views of whether Ms. Sud's failure to file a timely notice

of appeal constituted "excusable neglect."  Ms. Sud fails, however, to advance

any argument before this Court demonstrating a clear error of judgment on the

part of the Bankruptcy Court.  As such, Ms. Sud's appeal should be denied.

 B.   On *De Novo* Review, Ms. Sud's Appeal Fails

  Assuming, *arguendo,* that the proper standard of review is *de novo,* Ms.

Sud's appeal fails.

  1.   Excusable Neglect Under Fed. R. Bankr. P. 8002(c)(2)

Fed. R. Bankr. P. 8002(c)(2) provides, in relevant part, that:

> [a] request to extend the time for filing a notice of appeal must be
> made by written motion filed before the time for filing a notice of
> appeal has expired, except that such a motion filed not later than 20

days after the expiration of the time for filing a notice of appeal
may be granted upon a showing of excusable neglect.

Whether a party's failure to file a notice of appeal within the ten day period

established by Fed. R. Bankr. P. 8002(a) constitutes excusable neglect is an

equitable determination, "taking account of all relevant circumstances

surrounding the party's omission." Pioneer, 507 U.S. at 395.  Courts have

considered such circumstances as "the danger of prejudice to the debtor, the

length of the delay and its potential impact on judicial proceedings, the reasons

for the delay, including whether it was within the reasonable control of the of the

movant, and whether the movant acted in good faith." Id.  Most courts attribute

significant weight to the last two factors identified in Pioneer when determining

whether excusable neglect exists under Fed. R. Bankr. P. 8002(c)(2). Balzotti, 316

B.R. at 415 (observing most courts focus on reason for delay and good faith for

the purposes of Fed. R. Bankr. P. 8002(c)(2)); see also Graphic Communications

Int'l Union v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (1st Cir. 2001)

(observing that Pioneer factors do not carry equal weight).

   2.   Ms. Sud's Reasons for Failing to Comply with Fed. R. Bankr. P. 8002(a) do
   not Constitute Excusable Neglect

       Ms. Sud's sole argument to the Bankruptcy Court was that her failure to

timely file a notice of appeal was attributable to the acts and omissions of her

counsel.  In the Affidavit accompanying the Motion, Ms. Sud's counsel asserted

four reasons for her failure to file a notice of appeal in a timely manner, none of

which established excusable neglect.  First, Ms. Sud's counsel asserted that she was unable to obtain a written copy of the findings of fact and rulings of law which the Court dictated on the record.  Second, Ms. Sud's counsel asserted that she was unable to speak with her client prior to the expiration of the ten day deadline established by Fed. R. Bankr. P. 8002(a).  Third, Ms. Sud's counsel was distracted by another trial.  Fourth, Ms. Sud's counsel was unaware of the ten day deadline established by Fed. R. Bankr. P. 8002(a).

Counsel's inability to obtain a written copy of the Bankruptcy Court's findings of fact and rulings of law was not relevant in determining whether Ms. Sud's failure to file a timely notice of appeal constitutes excusable neglect.  Ms. Sud's counsel was present for the Bankruptcy Court's decision at the conclusion of the hearing on the Summary Judgment Motion on November 23, 2004 and knew of the imminent entry of the Summary Judgment Order on the Docket.  Moreover, if Ms. Sud's counsel was intent on obtaining a written copy of the Court's findings of fact and rulings of law she could have requested, on an expedited basis, an official transcript of the hearing.

Ms. Sud's reliance on Remington Tech Corp. v. Mlsna, 2004 U.S. Dist. LEXIS 5935 (N.D. Ill. 2004) is misplaced.  Unlike debtor's counsel in Mlsna who did not receive notice of the court's decision on account of the court's failure to update its notice list, Ms. Sud's counsel had instantaneous notice of the Bankruptcy Court's decision as it was read into the record, in the presence of Ms.

11

Sud's counsel, at the conclusion of the hearing held on the Summary Judgment

Motion.  As such, <u>Mlsna</u> does not offer support for Ms. Sud's position.

Counsel's inability to reach her client prior to the expiration of the ten day

period is unavailing.  <u>Belfance</u>, 209 B.R. at 83 (inability to reach client does not

establish excusable neglect).  Similarly, the fact that Ms. Sud's counsel had a two-

day trial during the interim period of the ten day appeal period is not valid

excuse for noncompliance with Fed. R. Bankr. P. 8002(a).  <u>Id.</u> (citing <u>Marsh v.</u>

<u>Richardson</u>, 873 F.2d 129, 131 (6th Cir. 1989) (interference with deadline

compliance by lawyer's practice is not valid excuse)).  In light of such scheduling

conflicts, counsel could have requested a twenty day extension of the deadline

without a showing of excusable neglect provided, however, such request was

made prior to the ten day appeal period.

The foregoing reasons for Ms. Sud's failure to file a timely notice of appeal

were further discredited by the fact that her counsel was simply unaware of the

applicable ten day appeal period created by Fed. R. Bankr. P. 8002(a).  App., pp.

142-43.  As observed by the Supreme Court in *Pioneer*, "ignorance of the rules . . .

does not usually constitute 'excusable' neglect." 507 U.S. at 392.  Ms. Sud did not

identify nor point to any extraordinary circumstance which excused her

counsel's failure to read and understand Fed. R. Bankr. P. 8002(a).  <u>Graphic</u>

<u>Communications</u>, 270 F.3d at 6.  Moreover, Ms. Sud's arguments regarding,

among other things, lack of notice, inability to reach her client, and the

12

interference of the Thanksgiving holiday are not relevant given Ms. Sud's

admitted ignorance of the ten (10) day appeal period in bankruptcy proceedings.

Pioneer, 507 U.S. at 395 (excusable neglect takes into consideration all relevant

circumstances surrounding the party's omission).  In fact, such facts weigh

against Ms. Sud as her counsel should have requested an extension of the time to

file an appeal given the unavailability of her client and counsel's upcoming trial

schedule following the Thanksgiving holiday.

  3. <u>Ms. Sud Failed to Offer any Evidence that She Acted in Good Faith</u>

   Ms. Sud's Motion to the Bankruptcy Court was wholly devoid of any

argument applying the <u>Pioneer</u> factors to the facts before the Bankruptcy Court.

Rather, Ms. Sud relied on self-serving assertions that <u>Pioneer</u> factors were been

met.  <u>Hartford Cas. Ins. Co. v. Food Barn Stores, Inc. (In re Food Barn Stores,</u>

<u>Inc.)</u>, 214 B.R. 197, 200 (8th Cir. B.A.P. 1997) (holding movant had not met burden

where <u>Pioneer</u> factors not argued). As Ms. Sud failed to meet her burden below

with respect to demonstrating good faith, in addition to the <u>Pioneer</u> factors, the

Bankruptcy Court's denial of the Motion was not clearly erroneous.

  4. <u>Ms. Sud's Appeal Waived Argument on Certain of the Pioneer Factors</u>

   On appeal to this Court, Ms. Sud asserts only two arguments. First, Ms.

Sud argues that the facts alleged below establish that she acted in good faith in

connection with bringing the Motion.  Second, Ms. Sud argues that the reasons

set forth above adequately explain her delay in filing a notice of appeal

established excusable neglect.

It is well established that issues not addressed in a brief are considered waived by the reviewing court. <u>Furness v. Wright Med. Tech., Inc. (In re Mercurio)</u>, 2005 U.S. App. LEXIS 4720, ∗2 n.1 (1st Cir. March 23, 2005). As Ms. Sud does not raise in the Appellant's Brief any arguments that relate to the danger of prejudice to the debtor and the length of delay and its potential impact on judicial proceedings, factors identified for consideration by the <u>Pioneer</u> court, such arguments are deemed waived. <u>Pioneer</u>, 507 U.S. at 395.

## CONCLUSION

Ms. Sud has not demonstrated that the Bankruptcy Court's findings of fact in denying the Motion were clearly erroneous. The facts relied upon by the Bankruptcy Court were wholly supplied by Ms. Sud. The Bankruptcy Court's decision should be set aside where Ms. Sud merely disagrees with the outcome. Moreover, Ms. Sud has not demonstrated that the Bankruptcy Court, as the finder of fact, committed a clear error of judgment in consideration of and attributing weight to the facts supplied by Ms. Sud. As such, this Court should not reverse the Bankruptcy Court's order.

Additionally, Ms. Sud's appeal also fails when subject to *de novo* review. Ms. Sud, before both this Court and the Bankruptcy Court, has failed to establish excusable neglect. The fact that Ms. Sud's counsel was unaware of the ten (10) day appeal period does not evidence excusable neglect. Moreover, the other

14

explanations for Ms. Sud's failure to file a timely notice of appeal are not relevant given her counsel's superseding ignorance of the applicable appeal period. Such additional explanations weigh against Ms. Sud's requested relief.

Furthermore, Ms. Sud did not argue fully the factors necessary to demonstrate excusable neglect. Any arguments relating to the danger of prejudice to the debtor and the length of delay and its potential impact on judicial proceedings have been waived. As such, Ms. Sud has not met her burden, both before this Court and the Bankruptcy Court, in demonstrating excusable neglect. In light of the foregoing, this Court should deny Ms. Sud's appeal and uphold the Bankruptcy Court's Order.

WHEREFORE, the Liquidating Trustee prays that this Court enter an order upholding the Bankruptcy Court's Order and granting such other and further relief as this Court may deem necessary and proper.

April 11, 2005                          Respectfully submitted,

                                        CHRISTOPHER J. PANOS TRUSTEE OF
                                        THE SABINE, INC. F/K/A ROWECOM, INC.
                                        LIQUIDATING TRUST

                                        By its Attorneys,
                                        CRAIG AND MACAULEY
                                            PROFESSIONAL CORPORATION


                                        /s/ Brendan C. Recupero
                                        Christopher J. Panos  (BBO #555273)
                                        Brendan C. Recupero (BBO #645032)
                                        Craig and Macauley
                                          Professional Corporation
                                        Federal Reserve Plaza
                                        600 Atlantic Avenue
                                        Boston, MA 02210
                                        (617) 367-9500

16

<u>CERTIFICATE OF SERVICE</u>

I, Brendan C. Recupero, hereby certify that on April 11, 2005, I caused a

true and accurate copy of the *Brief of Appellee* to be served on the parties

identified below by first class mail, postage pre-paid.


/s/ Brendan C. Recupero

Martha M. Wishart
McKenzie & Associates, P.C.
44 School Street, Suite 1100
Boston, MA 02108