```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


RITA SUD,                    )
    Appellant                )
                             )
    v.                       )   C.A. No. 05-10382-MLW
                             )
SABINE, INC.,                )
    Appellee.                )
```

                          MEMORANDUM AND ORDER

WOLF, D.J.                                          February 16, 2006

    Appellant Rita Sud has appealed the bankruptcy court's denial of her motion, pursuant to Federal Rule of Bankruptcy Procedure 8002(c)(2), to extend the time for filing an appeal of that court's granting of the Debtor Sabine, Inc.'s motion for summary judgment. In an affidavit and supporting memorandum, Sud argued that there was "excusable neglect" for the filing of the notice of appeal seven days late. See Fed. R. Bankr. P. 8002(c)(2). The Debtor filed a memorandum in opposition to the motion. The bankruptcy court typed on Sud's motion "01/03/05 Motion denied. See Fed. R. Bankr. P. 8002 (c)(2)." The bankruptcy judge's signature was evidently stamped in the margin after this entry. The bankruptcy court provided no statement of its reasons for denying the motion.

    After a hearing on February 16, 2006, this court finds that it is most appropriate to remand this case to the bankruptcy court for reconsideration and for a statement of the reasoning for whatever decision is reached on remand. See United States v. Podolsky, 158 F.3d 12, 17 (1st Cir. 1998); Camilo-Robles v. Hoyos, 151 F.3d 1, 8-

9, n.5 (1st Cir. 1998).

"Generally, a bankruptcy court's denial of a motion for extension of time to file a notice of appeal is reviewed for abuse of discretion. See In re Hess, 209 B.R. [79, 80 (6th Cir. BAP 1997)]. However, whether a party has demonstrated 'excusable neglect' for purposes of Bankruptcy Rule 8002(c)(2) is a question of law which is subject to de novo review, see id." Shepard Hills Development Co.. LLC v. RAD Investments, LLC, 316 B.R. 406, 413 (1st Cir. BAP 2004). As explained in In re Hess, 209 B.R. at 80, this appellate court must decide de novo whether the bankruptcy court used the legally correct definition of "excusable neglect" in deciding to deny Sud's request to file her appeal late because that is a question of law. If the proper legal standard was applied, the "question of excusable neglect is by its very nature left to the discretion of the bankruptcy court whose decision should not be set aside unless the reviewing court, a district court or court of appeals, has a definite and firm conviction that the court below committed a clear error of judgment." In re Power Recovery Systems, Inc., 950 F.2d 798, 801 (1st Cir. 1991).

In their memoranda to the bankruptcy court, the parties each cited the leading Supreme Court case on "excusable neglect," Pioneer Investment Services Co. v. Brunswick Associates, Ltd., 507 U.S. 380 (1993). Nevertheless, it is not clear from the bankruptcy court's margin order that the correct legal standard was utilized.

More significantly, even if this court were to assume that the bankruptcy court used the correct standard, it is impossible to discern why the request to file the motion to appeal late was denied and, therefore, whether that decision was an abuse of discretion.

"[A]n appellate court faced with the task of reviewing an inscrutable order, may either remand for a fuller exposition or act, without remanding, if a reasonable basis supporting the order is made manifest on the record." Podolsky, 158 F.3d at 16; see also Camilo-Robles, 151 F.3d at 8-9 n.5; Polyplastics, Inc. v. Transconex, Inc., 827 F.2d 859, 860-61 (1st Cir. 1987). This court recognizes that the remand option should be used sparingly because it invariably involves delay. See Camilo-Robles, 151 F.3d at 8 n.5. Nevertheless, it is the most appropriate option in the circumstances of this case for several reasons.

As described earlier, it is not clear that the bankruptcy court used the proper legal standard in deciding that there was not "excusable neglect" for the filing of Sud's notice of appeal seven days late. It does not appear that this appeal has been taken as a dilatory tactic. Rather, it appears that there were grounds for the motion that would have permitted the bankruptcy court to allow it. However, the bankruptcy court is in the best position to weigh the competing considerations and decide this discretionary matter.

The propriety of a remand is reinforced by the fact that the

3

bankruptcy decisions that this court is required to review often -- although not always -- include little or inadequate explanation of the court's reasoning. This court understands that bankruptcy judges are very busy and time is often of the essence in bankruptcy cases. Nevertheless, bankruptcy judges must apply the correct legal standards and not abuse their discretion in making decisions. Their decisions are subject to appellate review. There is value to reminding lower court judges that it is essential that the legal standards employed and reasons for their decisions be articulated in order to make that review effective. See, e.g., Morgan v. Massachusetts General Hospital, 901 F.2d 186, 195 (1st Cir. 1990) (remanding decision of Wolf, J.).

Accordingly, it is hereby ORDERED that the decision of the bankruptcy court denying appellant Rita Sud's Motion for Extension of Time to File a Notice of Appeal is VACATED, and this matter is REMANDED to the bankruptcy court for reconsideration and resolution in accordance with this decision. See United States v. Bell, 988 F.2d 247 (1st Cir. 1993).

/s/ MARK L. WOLF
UNITED STATES DISTRICT COURT